UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 13-37-KSF

STEVEN EDWARD HILL                                                   PLAINTIFF

v.                                 **OPINION & ORDER**

CAROLYN W. COLVIN, Acting
Commissioner of Social Security                                    DEFENDANT

\* \* \* \* \* \* \* \* \*

The plaintiff, Steven Edward Hill, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for supplemental security income ("SSI"), a period of disability, and disability insurance benefits ("DIB"), based on disability. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Hill filed his claim for SSI and DIB benefits on July 5, 2011 alleging an onset date of June 6, 2011 [TR 227, 233, 269]. After a hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on December 14, 2012 [TR 13-22]. Hill subsequently requested review by the Appeals Council. The Appeals Council denied Hill's request for review on April 18, 2013 [TR 1]. He has exhausted his administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

Based on his earnings, Hill has acquired sufficient quarters of coverage to remain insured through September 30, 2012. At the time the ALJ issued his decision, Hill was forty years old [TR 10, 269]. He has a high school education and past relevant work experience as a welder [TR 274]. Hill claims that he became disabled on June 6, 2011 due to various conditions, including a shoulder injury, heart disease, and a history of triple bypass surgery [TR 273]. According to Hill, these conditions have limited his ability to lift, climb, bend, crouch, sit or stand for long periods [TR 149].

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge ("ALJ") must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1) If the claimant is currently engaged in substantial gainful activity, he is not disabled.

(2) If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found disabled.

(3) If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.

(5) Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc), he is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the ALJ reaches the fifth

step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider his residual functional capacity, age, education, and past work experience to determine if he could perform other work. If not, he would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The ALJ began his analysis at step one by determining that Hill has not engaged in substantial gainful activity since his alleged onset date of June 6, 2011 [TR 15]. At step two, the ALJ found that Hill suffers from the following severe impairments: heart failure, ischemic heart disease, and acute myocardial infarction, status post coronary artery bypass grafting; left rotator cuff tear, status post-surgical arthroscopy; and obesity [TR 15-16]. However, the ALJ concluded that Hill's back pain, minimal obstructive lung disease, and affective disorder were not severe because they did not cause more than minimal limitation on his ability to perform basic physical and mental work activities [TR 16-17].

Continuing on to the third step, the ALJ determined that these impairments or combination of impairments are not associated with clinical signs and findings that meet or equal in severity any of the listed impairments [TR 13]. *See* 20 C.F.R. pt. 404, subpt. p, app'x 1. Specifically, the ALJ concluded that Hill's shoulder impairment did not satisfy the criteria of Listing 1.02 (major dysfunction of a joint) because the listing requires involvement of one major peripheral joint in *each* upper extremity, and Hill only has dysfunction in his left shoulder. As to Listing 4.02 (chronic heart failure), the ALJ determined that Hill failed to show low ejection fraction during periods of stability,

3

as required to establish systolic failure under that listing. *See* 20 C.F.R. § pt. 404, subpt. p, app.1, § 4.02(A)(1).

Next, the ALJ determined Hill's residual functional capacity ("RFC"). An RFC is the assessment of a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 404.1545(a)(1), 416.945(a)(1). In this case, the ALJ found that Hill has the RFC to perform the exertional and nonexertional demands of sedentary work, including standing or walking for two hours in an eight-hour workday, except with: (1) lifting of twenty pounds occasionally and ten pounds frequently, but with only occasional lifting of ten pounds with the upper left extremity, occasional pushing or pulling or operation of hand controls with only the upper left extremity; (2) only occasional climbing of ramps or stairs; (3) never climbing ladders, ropes, or scaffolds; and (4) only occasional balancing, stooping, kneeling, crouching, or crawling [TR 18]. Additionally, the ALJ determined that Hill should avoid concentrated exposure to extreme cold and heat and should avoid hazards such as unprotected heights and dangerous machinery [TR 18]. Based on this RFC, and after considering the testimony of the vocational expert, the ALJ determined that Hill could not perform his past relevant work as a welder [Tr 20, 54-58].

At the fifth and final step, relying on the testimony of the vocational expert and taking into consideration Hill's age, educational background, past relevant work experience, and residual functional capacity ("RFC"), the ALJ found that Hill could perform a significant number of other jobs in the national economy, including simple bench assembly, simple packing and sorting, and non-hazardous security work [TR 21-22]. As a result, the ALJ concluded that Hill was not disabled [TR 22].

## II. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

To be eligible for DIB, Hill must prove he became disabled prior to the expiration of his disability insured status on September 30, 2012. *See* 42 U.S.C. § 423(a)(1)(A), (c)(1); 20 C.F.R. §§ 404.101, 404.131, 404.315(a); *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). A showing that an impairment became disabling after the expiration of his insured status is insufficient to establish eligibility for DIB. *King v. Secretary of Health and Human Services*, 896 F.2d 204, 205-06 (6th Cir. 1990). In this case, the relevant time

5

period of adjudication is from July 5, 2011 (the date of his application) to September 30, 2012 (his date last insured).

## III. ANALYSIS

On appeal, Hill argues that substantial evidence does not support the Commissioner's decision in this case as it relates to the ALJ's finding at step three of the sequential evaluation process. Specifically, Hill disputes the ALJ's finding that he did not meet the requirements for chronic systolic heart failure under Listing 4.02.

It is well settled that the burden of proof lies with the claimant at steps one through four of the sequential evaluation, including proving presumptive disability by meeting or exceeding a Medical Listing at Step Three. *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999). Thus, Hill "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419 (6th Cir. 2000). If Hill can show an impairment is listed in appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find him disabled. *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

The listing of impairments provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment. *Maloney v. Commissioner*, 211 F.3d 1269 (6th Cir. 2000). In order for Hill to qualify as disabled under a listed impairment, he must meet all the requirements specified in the Listing. *Id*. This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-32 (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Id*. at 530.

In order to satisfy the requirements for chronic systolic heart failure under Listing 4.02, Hill must show "left ventricular end diastolic dimensions greater than 6.0 cm or ejection fraction of 30 percent or less during a period of stability (not during an episode of acute heart failure. . . " which results in one of the following:

(1) persistent symptoms of heart failure which very seriously limit the ability to independently initiate, sustain, or complete activities of daily living in an individual for whom an MC, preferably one experienced in the care of patients with cardiovascular disease, has concluded that the performance of an exercise test would present a significant risk to the individual; or

(2) three or more separate episodes of acute congestive heart failure within a consecutive 12-month period (see 4.03A3e), with evidence of fluid retention (see 4.00D2b(ii)) from clinical and imaging assessments at the time of the episodes, requiring acute extended physician intervention such as hospitalizations or emergency room treatment for 12 hours or more, separated by periods of stabilization (see 4.00D4c); or

(3) inability to perform an exercise tolerance test at a workload equivalent to 5 METs or less due to:
    a. Dyspnea, fatigue, palpitations, or chest discomfort; or
    b. Three or more consecutive premature ventricular contractions (ventricular tachycardia), or increasing frequency of ventricular ectopy with at least 6 premature ventricular contractions per minute; or
    c. Decrease of 10mm or more in systolic pressure below the baseline systolic blood pressure or the preceding systolic pressure measured during exercise (see 4.00D4d) due to left ventricular dysfunction, despite an increase in workload; or
    d. Signs attributable to inadequate cerebral perfusion, such as ataxic gait or mental confusion.

20 C.F.R. pt. 404, subpt. p, app. 1, § 4.02(A)(1)

In determining that Hill did not satisfy the requirements of Listing 4.02, the ALJ noted that while the record reported ejection fraction measurements of 30 percent or less on several occasions, there was no indication in the record that these measurements were "during a period of stability." The first measurement, taken during Hill's June 2011 hospitalization, was obtained just before his

coronary artery bypass of three vessels [TR 333, 450]. The second measurement was taken at a post-operative follow-up visit three weeks after his discharge, on July 7, 2011 [TR 339, 458-59]. The third measurement was made two months later, on September 8, 2011, during a period in which Hill was experiencing symptoms of ischemic cardiomyopathy, which ultimately resulted in the surgical placement of an implantable cardioverter-defibrillator on November 16, 2011 [TR 357, 457]. The final measurement was taken when Hill was hospitalized in July 2012 for chest pain [TR 480]. As the ALJ noted, all of these measurements "may not have been during periods of stability" [TR 17]. Hill has not pointed to any other objective medical testing that his ejection fraction was thirty percent or less during a period of stability. Thus, Hill has failed to satisfy his burden of proof, and substantial evidence supports the ALJ's conclusion that Hill failed to satisfy all the elements of Listing 4.02.

After the ALJ issued his opinion, Hill submitted further evidence to the Appeals Council. Specifically, he provided a questionnaire filled out by Robert Thomas Hammons, M.D., a treating cardiologist, dated March 12, 2013, well after the ALJ's decision [TR 582-85]. In this questionnaire, Dr. Hammons opines that Hill's ejection fraction continuously remained at or below 30 percent during periods of stability from June 6, 2011 to July 26, 2012. It is well established that "evidence submitted for the first time to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *see also Cline v. Commissioner of Social Security*, 96 F.3d 146, 148 (6th Cir. 1996). This court can, however, remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding. 42 U.S.C. § 405(g). *Cotton v. Sullivan*, 2 F.3d 692,

695-96 (6th Cir.1993). It is clear that the party seeking remand bears the burden of showing that remand is appropriate under Section 405(g). *Willis v. Secretary of Health and Human Services*, 727 F.2d 727 (6th Cir. 1984).

While Dr. Hammons' opinion is presumably material to whether Hill satisfies Listing 4.02, Hill has failed to satisfy the good cause requirement. Dr. Hammons' report was prepared after the ALJ's final decision and could not have been presented at the hearing. While the dates on the report alone seemingly satisfy the good cause test, this circuit has taken a harder line on the good cause test. *Willis,* 727 F.2d at 554. Specifically, the Sixth Circuit has held that in order to show good cause, the claimant "must give a valid reason for his failure to obtain evidence prior to the hearing." *Oliver v. Secretary of Health and Human Services*, 804 F.2d 964, 966 (6th Cir. 1986). Here, Hill fails to present *any* reason for his failure to obtain this evidence prior to the hearing. Therefore, the good cause requirement has not been met. Without a showing of good cause, the Court is unable to remand this matter. Accordingly, the decision of the ALJ will be affirmed as it is supported by substantial evidence.

**IV.  CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) the plaintiff's motion for summary judgment [DE #10] is **DENIED**;

(2) the defendant's motion for summary judgment [DE #11] is **GRANTED**;

(3) the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(4)     a judgment consistent with this Opinion & Order will be entered contemporaneously.

This November 20, 2013.

Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**